# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

MARTIN SILVA,

    Plaintiff,

v.                                          CASE NO: 8:06-cv-1494-T-26TBM

UNITED STATES OF AMERICA,

    Defendant.
_____/

## O R D E R

Before the Court is Plaintiff's Motion to Vacate filed pursuant to 28 U.S.C. § 2255 and supporting Memorandum of Law.[1] The Court has undertaken a prompt preliminary review of the motion, together with the record of the prior criminal proceedings,[2] as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. After doing so, the Court concludes that the motion is due to be summarily dismissed without the necessity of a response from Defendant and an evidentiary hearing because it plainly appears from the motion and the prior criminal proceedings that Plaintiff is entitled to no relief.

---

[1] The Court notes that the Memorandum does not address any of the claims raised in the motion.

[2] See case number 8:04-cr-333-T-26TBM.

A federal grand jury indicted Plaintiff for illegally reentering the country after previously being deported following the conviction of a felony offense.[3] He pleaded guilty without the benefit of a plea agreement.[4] The Court subsequently imposed a high-end guideline sentence of 41 months of imprisonment followed by 36 months of supervised release.[5] The Eleventh Circuit Court of Appeals affirmed Plaintiff's conviction and sentence in an unpublished opinion, and the Supreme Court denied certiorari.[6] He now seeks collateral relief under the auspices of § 2255 by raising four grounds, none of which have merit in light of the record.

Plaintiff claims that (1) counsel misled him into believing he would not receive a sentence of more than 24 to 30 months, (2) counsel failed to consult with him regarding his presentence report, (3) counsel was unprofessional, and (4) counsel failed to advocate his best interest by not raising arguments on his behalf. As will be explained, the record absolutely refutes these claims. See Gafford v. United States, 438 F. 2d 106, 106 (5th Cir. 1971) (holding that because petitioner's claims were conclusively refuted by the files and records he was not entitled to any relief nor an evidentiary hearing).

At his plea hearing, Plaintiff acknowledged under oath that he could face a term of imprisonment ranging from one day to 20 years, that no one had made any promises or

---

[3] See id., docket 1.

[4] See id., docket 41.

[5] See id., dockets 33 & 44.

[6] See id., dockets 47 & 48.

inducements to make him plead guilty, and that he had no complaints regarding the representation afforded by counsel.[7]  He also acknowledged that if his and his counsel's calculations regarding the sentencing guidelines differed from that of the Court's, the Court's determination of the guideline range would control even if it resulted in a higher sentence and that such a difference would not be a basis for Plaintiff to withdraw his plea of guilty.[8]  In light of this record, claim one has absolutely no merit.

At his sentencing proceeding, Plaintiff acknowledged under oath that he had an opportunity to consult with his attorney regarding his presentence report.[9]  Indeed, based on a problem Plaintiff seemed to be having with a prior conviction referred to in the report, the Court allowed him additional time to consult with counsel.[10]  Following that consultation, the Court rejected Plaintiff's argument with respect to that prior conviction because it was refuted by record evidence, denied counsel's vigorous oral motion for downward departure based on over representation of criminal history, calculated his guideline range at 33 to 41 months, and sentenced him to 41 months of imprisonment because of the number of times he entered this country illegally and his extensive prior record, some of which was unscored.[11]  In the Court's view, this record absolutely refutes

---

[7] See id., docket 41, pgs. 15 and 22-23.

[8] See id., pgs. 24-25.

[9] See id., docket 44, pg. 4.

[10] See id., pgs. 4-6.

[11] See id., pgs. 6-15.

Plaintiff's last three claims because it amply demonstrates that counsel did in fact consult with Plaintiff regarding his presentence report and, at time of sentencing, afforded Plaintiff professional representation by advocating a basis for downward departure.

Before closing, the Court needs to address two other grounds for relief which Plaintiff seems to be advocating: (1) appellate counsel failed to raise the ineffective assistance of counsel on appeal and (2) trial counsel failed to insure that Plaintiff understood his plea agreement. As to the first, the Eleventh Circuit has very recently observed that "as a general rule, a claim of ineffective assistance of trial counsel is raised properly in a section 2255 motion and not on direct appeal." Gonzalez v. United States, 2006 WL 2167434 *1 (11th Cir. Aug. 3, 2006) (citing Massaro v. United States, 538 U.S. 500 (2003)). As to the second, Plaintiff never entered into a plea agreement with Defendant. Consequently, these claims, to the extent they have been raised, are wholly without merit.

Accordingly, for the reasons expressed, it is ordered and adjudged as follows:

1) Plaintiff's Motion to Vacate (Dkt. 1) is summarily dismissed.

2) The Clerk is directed to enter judgment for Defendant and to close this case.

3) The Court by separate endorsed order will likewise deny the motion to vacate found at docket 49 in the underlying criminal case, case number 8:04-cr-333-T-26TBM.

**DONE AND ORDERED** at Tampa, Florida, on August 16, 2006.

       s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record